By the Court—Bosworth, Ch. J.
The only exceptions taken during the trial, relate to the exclusion of evidence of the witness Thomas Monahan, whether, first, the deceased, “Mr. Packwood was out of his mind,” and, second, “ was he so affected in his mind as to be unfit for transacting his business” at the time to which those questions refer.
DeWitt v. Barly & Schoonmaker, (17 N. Y. R., 340,) is relied on as establishing that the evidence Avhicli Avas excluded, was competent and admissible.
It was conceded in that case that the decision in the same case, (5 Seld., 371,) is to be considered as an authority for the doctrine, that upon a trial involving the question of the mental imbecility of a testator or grantor, a nonprofessional witness cannot be asked the broad question whether he considered the party non compos mentis, or which is the same thing, incapable of managing his affairs. (17 N. Y. R., 347, 348.)
These questions are of this character: one, in very terms, inquires whether the deceased “was so affected in his mind as to be unfit for transacting his business,” and the other, whether he “was out of his mind.”
These questions embrace the whole law, as well as the facts of the case. ' For if he was not out of his mind so as to be unfit for transacting business, then the transfer *464 to the plaintiff is valid; if he was out of his mind so as to be unfit to transact business, it is invalid. A correct answer to the question, involves the rule of law, which fixes the lowest degree of capacity that leaves a man competent to transact business, and the matter of fact, whether that degree of capacity existed. (17 N. Y. R., 347.)
We think neither of these exceptions is well taken.
As to the question of fact whether he had sufficient mental capacity to transact any business, or execute, understanding!y, any instrument; it is sufficient to saj^, that the judge has found it against the plaintiff, upon evidence so pointed, intelligent and disinterested, that we are not at liberty to disturb the judgment.
We do not deem it important to discuss the evidence of the several witnesses affecting the question of the mental capacity of Samuel Packwood, at the time he executed the instrument of transfer, dated August 21st, 1858.
The evidence of the physicians standing alone, is full and explicit: They are persons of skill, and in addition to the experience and general observation belonging to these and the other witnesses in common, they were disinterested observers in this case, and had full opportunity to determine.
There is nothing in the testimony of the other witnesses, which can justly detract from the force and effect which would otherwise be conceded to the testimony of the physicians.
The judgment must be affirmed, with costs.